# RECEIVED

FEB 2 3 2012

BY MAIL

United States District Court
for the
Eastern District of Missouri

-----------------------------------------------------------

Rick Favaloro, J.D., Plaintiff

v.

Webster Groves / Shrewsbury Area
Chamber of Commerce, Defendant

-----------------------------------------------------------

Civil Action No. 4:11-cv-02068-CEJ

## PLAINTIFF'S SUPPLEMENTAL RESPONSE TO
## DEFENDANT'S MOTION TO DISMISS[1]

1. Plaintiff repeats his "Plaintiff's Response To Defendant's Motion To Dismiss" ¶¶ 1. - 3.,

and supplements as follows:

2. Regarding Plaintiff's Complaint:

2.1. At this time, Defendant cannot serve a responsive pleading. Under F.R.C.P. 12(a)(1),

Defendant cannot serve a responsive pleading until Plaintiff has either: (A)(i) served Defendant;

or (A)(ii) requested that Defendant waive service. Plaintiff has done neither. Therefore, at this

time, Defendant cannot serve *any responsive pleading*.

2.2. At this time, Defendant cannot assert defenses in a pleading. Under F.R.C.P 12(b),

Defendant cannot assert any defense to a claim unless that defense is "asserted in the responsive

---

[1] Defendant Webster Groves / Shrewsbury Area Chamber Of Commerce's Motion To Dismiss
For Failure To State A Claim, Lack Of Subject Matter Jurisdiction And Memorandum In Support

pleading if one is required". At this time, there is no responsive pleading required -- or allowed. Therefore, at this time, Defendant cannot assert any defense in any *pleading*.

2.3. At this time, Defendant cannot assert defenses in a motion. Under F.R.C.P. 12(b), a motion asserting any 12(b)(1)-(7) defense can be asserted only "if a responsive pleading is allowed". Again, at this time there, is no responsive pleading required -- or allowed. Therefore, at this time, Defendant cannot assert any defense in any *motion*.

3. Regarding Defendant's attorney's disqualification from this case:

3.1. On July 12, 2010, in the Missouri state court lawsuit Rick Favaloro v. [parties including] Webster Groves / Shrewsbury Area Chamber of Commerce, Plaintiff filed a "Motion To Disqualify Stinson As Counsel". In that Motion, Plaintiff showed that the firm Stinson Morrison Hecker, LLP, and James D. Bass, are disqualified, by conflicts of interests, from representing any party against Plaintiff. No one opposed the Motion or denied any of its averments. More than eighteen months later, the Motion and its averments, and Stinson's and Bass's disqualifying conflicts of interests, remain unopposed and undenied.

3.2. On July 26, 2010, in that same suit, Plaintiff filed a second "Motion To Disqualify Stinson As Counsel". Again, in that Motion, Plaintiff showed that Stinson and Bass are disqualified, by conflicts of interests, from representing any party against Plaintiff. Again, no one opposed the Motion or denied any of its averments. Almost eighteen months later, the Motion and its averments, and Stinson's and Bass's disqualifying conflicts of interests, remain unopposed and undenied.

3.3. If Plaintiff's settlement attempts fail, then James D. Bass, and his erstwhile associate Andrew J. Scovotto, will be named party Defendants and called as hostile material witnesses for

Plaintiff on Plaintiff's First Amended Complaint and its claims under, among other statutes, 42 U.S.C. §1985, conspiracy to interfere with Plaintiff's civil rights. Those Plaintiff's claims will require Stinson's and Bass's disqualification under Missouri Rules of Disciplinary Conduct 4-3.7 (a) (A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness ...).

4. Defendant's Motion is without merit because Plaintiff has followed the Federal Rules of Civil Procedure, including the applicable general and local forms, all of which, instead of requiring detail in fact pleading, invite brevity in notice pleading.

5. **Relief.** Plaintiff requests that the court: (a) grant Plaintiff leave to file this Plaintiff's Supplemental Response to Defendant's Motion To Dismiss; and (b) deny Defendant's Motion in its entirety or defer ruling on it pending Plaintiff's likely forthcoming First Amended Complaint, which would render the Motion moot; and (c) grant Plaintiff any other and further relief to which Plaintiff may be entitled.

6. **Service.** On February 21, 2012, a copy of this document was served, by regular mail, on: (a) Defendant's attorney, James D. Bass, Stinson Morrison Hecker, LLP, 7700 Forsyth Boulevard, Suite 1100, Clayton MO 63105; and (b) United States District Court for the Eastern District of Missouri, 111 South Street, St, Louis, MO 63102.

Date: February 21, 2012

Rick Favaloro, J.D.
1519 Jonquil Drive, Webster Groves, Mo 63119
rick.rulesatwork@me.com
phone 314-225-6104



Rick Favaloro, J.D.
1519 Jonquil Drive
Webster Groves MO 63119

RECEIVED

FEB 23 2012

BY MAIL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
111 SOUTH STREET
ST. LOUIS, MO 63102