RECEIVED
MAY 0 4 2012
BY MAIL

United States District Court
for the
Eastern District of Missouri

---

Rick Favaloro, J.D.,

        Plaintiff,

v.

Webster Groves / Shrewsbury Area Chamber of
Commerce, Diane Lamboley, Pete Kazlauskas,
Jackson Sieber, Kimberly White, Tom Galganski,
Sarah Moore, Joseph Grimaud, James D. Bass,
Rotary International, The Rotary Club of Webster
Groves, Daniel Moore, Richard Sant, Rodney
Cooper, and Richard Day,

        Defendants.

Civil Action No. 4:11-cv-02068-CEJ
Jury Trial Demanded

---

### PLAINTIFF'S REPLY MEMORANDUM REGARDING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

1. On April 17, 2012, Plaintiff filed his <u>Motion For Leave To File Amended Complaint</u> (Motion).

2. The Motion's stated grounds were: "Two business days ago, Defendant hand-delivered to Plaintiff a document that raises and evidences significant new claims against Defendant."

3. The Motion's stated requested relief was: "To integrate those new claims into Plaintiff's First Amended Complaint, Plaintiff requests leave to file Plaintiff's First Amended Complaint two business days beyond the previous time to file it as a matter of course."

4. Consistent with the Motion's request: (a) on April 19, Plaintiff *did* file his First Amended Complaint; and (b) that Complaint *did* integrate the two significant new claims (Claim Four and Claim Five) that Defendant's hand-delivery raised and evidenced.

4. On April 25, Defendant Webster Groves / Shrewsbury Area, and Defendant James D. Bass, filed <u>Defendant's Memorandum In Opposition To Plaintiff's Motion For Leave To File Amended Complaint</u> ("Opposition").

5. The "Opposition" did not present any opposition to the Motion's stated grounds.[1]

6. Therefore, the Motion's stated grounds are unopposed, and Plaintiff's timely well-

---

[1] This case is a Sherman Antitrust Act lawsuit. The Motion is for leave, *for two days*, to file an Amended Complaint. Instead of not opposing the Motion, or attempting to oppose the Motion's *grounds*, Defendant James D. Bass's "Opposition" makes irrelevant, knowingly false, rule-violating, and unethical personal attacks against the fact of the good integrity of the Motion's *author*, Plaintiff Rick Favaloro, J.D. Specifically, Defendant Bass does not deny this court's jurisdiction or any of Plaintiff's First Amended Complaint claims or Motion claims; instead, Defendant Bass raises and denies the unpled, irrelevant, and personal fact that Plaintiff is a licensed Texas attorney with a perfect ethical record. To the extent the appropriate authorities follow the law, they, the Supreme Court of Texas and the State Bar of Texas and their authorized agents, will, on the unpled irrelevant personal issue of Plaintiff's license to practice law, confirm the fact, of which Plaintiff has repeatedly informed Defendant Bass, that Plaintiff Rick Favaloro, J.D., is a licensed Texas attorney with a perfect ethical record. In total contrast to Plaintiff's perfect ethical record, Defendant Bass's deceitful and unethical behavior, including his (and now his associate Erin E. Guffey's) current violations of this court's rules against Plaintiff, and Defendant Bass's violations of the Missouri Disciplinary Rules of Professional Conduct against this court and Plaintiff: (a) repeat and continue Defendant Bass's violations of related-case state trial court rules against Plaintiff; and (b) repeat and continue Defendant Bass's violations of related-case state appellate court rules against Plaintiff; and (c) present further grounds for: (1) Defendant Bass's conflicts of interests disqualification from this case; and (2) Defendant Bass's disbarment from this court; and (3) Defendant Bass's civil liability to Plaintiff; and (4) Defendant Bass's federal and state criminal liability. Plaintiff reserves the right to pursue and obtain relief, from these Defendant Bass violations, in later filings in this court and elsewhere. Regarding the current motion, Plaintiff redirects the court to the relevant fact, which is: Defendant Bass does not oppose any stated grounds supporting Plaintiff's Motion for leave, *for two days*, to file an Amended Complaint, which the rules invite Plaintiff to file, and Plaintiff did file, as a matter of course. Therefore, the court should grant Plaintiff's Motion.

grounded small request, for **"two business days"** more time to file, should be allowed.

7. On May 2, 2012, a copy of this document was served, by regular mail, on: (a) Defendant James D. Bass, Stinson Morrison Hecker, LLP, 7700 Forsyth Boulevard, Suite 1100, Clayton MO 63105; and (b) United States District Court for the Eastern District of Missouri, 111 South Street, St, Louis, MO 63102.

Date: May 2, 2012

*/s/ Rick Favaloro*
Rick Favaloro, J.D.
1519 Jonquil Drive, Webster Groves, Mo 63119
rick.rulesatwork@me.com
314-225-6104

Rick Favaloro, J.D.
1519 Jonquil Drive
Webster Groves MO 63119

RECEIVED
MAY 04 2012
BY MAIL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
111 SOUTH STREET
ST. LOUIS, MO 63102