UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICK FAVALORO,[1] | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   vs. | )    No. 4:11-CV-2068 (CEJ) |
| | ) |
| WEBSTER GROVES/SHREWSBURY | ) |
| AREA CHAMBER OF COMMERCE, | ) |
| | ) |
|     Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on the defendant's motion to dismiss plaintiff's complaint. Plaintiff has filed a response in opposition and has filed a motion for leave to amend the complaint. Defendant opposes plaintiff's request to amend. Both motions have been fully briefed and are ready for disposition.

I.    Background

The defendant is an organization comprised of business owners, of which plaintiff is a former member. In his *pro se* complaint, plaintiff alleges that defendant refused to publish business advertisements submitted by plaintiff for inclusion in an annual publication. Plaintiff asserts that defendant engaged in a scheme to defraud by collecting his membership fees while refusing to publish his advertisements, in violation of 18 U.S.C. §§ 1343 and 1346. Plaintiff also claims that defendant's cancellation or

---

[1] Plaintiff refers to himself as "Rick Favaloro, J.D.," and states that he is "a licensed Texas attorney with a perfect ethical record," (Doc. #11, p. 2, n. 1). While plaintiff may have a law degree, he is not licensed to practice law in Texas by reason of disbarment. See Favaloro v. Comm'n for Lawyer Discipline, 13 S.W.3d 831 (Tex. App. 2000); State Bar of Texas Lawyer Directory, Richard Favaloro, available at http://www.texasbar.com.

non-renewal of plaintiff's membership constitutes defamation and a violation of Mo. Rev. Stat. § 355.211.1.[2]

The defendant moves to dismiss the complaint for lack of subject-matter jurisdiction, failure to state a claim, and lack of Article III standing. In response, plaintiff argues that the motion to dismiss is premature because process has not been served on defendant nor has defendant been asked to waive service under Fed. R. Civ. P. 4 (d).

On April 23, 2012, plaintiff filed a motion for leave to file an amended complaint. The proposed amended complaint seeks to add as defendants several individual members of defendant's organization, two of defendant's attorneys—one of whom represents defendant here, Rotary International, the Rotary Club of Webster Groves, several individual officers of the Webster Grover Rotary Club, and an attorney for the Rotary Club. (Doc. #9-1). In the proposed amended complaint, plaintiff asserts the following claims: violation of the Sherman Act and the Clayton Act, 15 U.S.C. § 1, *et seq.*, for refusing to publish plaintiff's advertisements (Counts 1-5); violation of Mo. Rev. Stat. § 355.211 for suspending or terminating plaintiff's Rotary Club and Chamber of Commerce memberships (Counts 6-9); breach of fiduciary duty (Count 10); and

---

[2]Mo. Rev. Stat. § 355.211(1) provides:

> No member of a public benefit corporation other than a church or convention or association of churches or mutual benefit corporation may be expelled or suspended, and no membership or memberships in such corporations may be terminated or suspended except pursuant to a procedure which is fair and reasonable and is carried out in good faith. In no event shall suspension of a member's right to use amenities, recreational facilities or such other facilities as that member may be entitled to, be considered to be a suspension by any such corporation of such member.

defamation (Count 11). In the proposed amended complaint plaintiff also seeks a declaration, pursuant to 28 U.S.C. §§ 2201 and 2202, that he "has at all relevant times been a member in good standing of the Chamber." Id.

## II.   Discussion

### A.   Motion to Dismiss

Initially, the Court finds that defendant's motion to dismiss is not premature as argued by plaintiff. It is true that a court will not normally have jurisdiction over a party prior to service or waiver. See Murphy Bros., Inc v. Michetti Pipe Stringing, 526 U.S. 344, 350 (1999). In this case, there was no service nor a request for waiver of service. However, service may be waived by a defendant's appearance in an action. Cf. Xyrous Communications, LLC v. Bulgarian Telecommunications Co. AD, 74 Fed. R. Serv. 3d 629 (E.D. Va. 2009); Swanson v. City of Hammond, Ind., 411 F. App'x 913, 915-16 (7th Cir. 2011). Here, defendant effectively waived service by filing a motion to dismiss under Rule 12(b), Fed. R. Civ. P., that did not challenge the sufficiency of service. See Fed. R. Civ. P. 12(h)(1) (a party waives any defense listed in Rule 12(b)(2)-(5) by omitting from its first-filed Rule 12 motion, assuming the defense was available at that time). Further, Fed. R. Civ. P. 12(h)(3) provides that if "the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." (emphasis added). Thus, the issue of subject-matter jurisdiction is one that must be addressed by the Court, even without a motion by the defendant.

Turning to the merits of defendant's dismissal motion, the Court must first resolve defendant's argument that subject matter jurisdiction is lacking. Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046 (8th Cir. 2006). Subject-matter jurisdiction requires that the party invoking federal jurisdiction "demonstrate an actual,

ongoing case or controversy within the meaning of Article III of the Constitution." Republican Party of Minn. v. Klobuchar, 381 F.3d 785, 789–90 (8th Cir.2004) (internal quotations omitted). "Standing is always a 'threshold question' in determining whether a federal court may hear a case." 281 Care Committee, 638 F.3d at 627 (citing Eckles v. City of Corydon, 341 F.3d 762, 767 (8th Cir.2003)). "A party invoking federal jurisdiction has the burden of establishing that he has the right to assert his claim in federal court." 281 Care Committee v. Arneson, 638 F.3d 621, 627 (8th Cir. 2011) (citing Schanou v. Lancaster Cnty. Sch. Dist. No. 160, 62 F.3d 1040, 1045 (8th Cir.1995)).

Plaintiff asserts that his claims are based on 18 U.S.C. §§ 1343[3] and 1346.[4] Plaintiff's citation to those statutes is insufficient to show that this action arises under federal law. First, § 1343 is a criminal statute that does not provide for a private cause of action. See Wisdom v. First Midwest Bank, 167 F.3d 402 (8th Cir.1999) (§ 1343 does not imply private cause of action); Napper v. Anderson, Henley, Shields, Bradford

---

[3] 18 U.S.C. § 1343 provides:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

[4] 18 U.S.C. § 1346 provides:

For the purposes of this chapter, the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services.

& Prtichard, 500 F.2d 634 (5th Cir.1974). Plaintiff lacks standing to enforce a criminal statute from which no private cause of action is implied. Id.; see also United States v. Wadena, 152 F.3d 831 (8th Cir.1998) (noting that only the federal government had standing to enforce 18 U.S.C. § 242, the criminal equivalent to 42 U.S.C. § 1983) (citing Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989)). Second, § 1346 does not provide for any right or remedy; it merely states a definition for the phrase "scheme or artifice to defraud." As such, neither statute cited by plaintiff is sufficient to invoke federal jurisdiction.

The original complaint does not assert, nor does it appear from the record, that federal jurisdiction over plaintiff's state-law claims arises under 28 U.S.C. § 1332(a). As such, plaintiff's state-law claims will also be dismissed without prejudice for lack of subject-matter jurisdiction.

### B.    Motion for Leave to File Amended Complaint

Rule 15(a), Fed. R. Civ. P., allows for the filing of an amended complaint "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[D]enial of leave to amend a pleading is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated." Roberson v. Hayti Police Dept., 241 F.3d 992, 995 (8th Cir.2001).

Defendant argues that plaintiff's motion for leave to amend should be denied because the proposed amendment would be futile. An amendment is futile if "'the amended [pleading] could not withstand' a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P." Bakhtiari v. Beyer, No. 4:06-CV-01489, 2008 WL 3200820, *1 (E.D. Mo.

2008) (citing In re Senior Cottages of Am., LLC, 482 F.3d 997, 1001 (8th Cir. 2007)).

The Court agrees that the proposed amended complaint would be futile. The only federal claims asserted in the proposed amended complaint— antitrust violations under the Sherman and Clayton Acts (Counts 1-5)—would not survive a motion under Fed. R. Civ. P. 12(b)(6). Private enforcement of federal antitrust law under Title 15, United States Code, requires that the plaintiff allege antitrust standing. Cargill, Inc. v. Monfort of Colo., Inc., 479 U.S. 104, 113 (1986). This requirement is analyzed under the same pleading standard applicable to a motion under Rule 12(b)(6), Fed. R. Civ. P. Sprint Nextel Corp. v. AT & T Inc., 821 F. Supp. 2d 308, 312 n.1 (D.D.C. 2011). Antitrust standing requires allegations which, if true, would demonstrate an antitrust injury, *i.e.*, an injury "of the type the antitrust laws were designed to prevent and that flows from that which makes the defendants' acts unlawful." Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc., 429 U.S. 477, 489 (1977). Clearly, plaintiff's claims that the proposed defendants refused to print his advertisements and canceled his membership are not the sort of conduct the antitrust laws were designed to prevent. Id. (granting summary judgment and denying leave to amend regarding claims against not-for-profit organization of surgeons and its president for refusal to allow plaintiff to participate and advertise at organization events).

The remaining claims in the proposed amended complaint would be dismissed for lack of subject-matter jurisdiction. Plaintiff's cites to 28 U.S.C. §§1332, 1367, and 2201, but neither statute is sufficient to invoke federal jurisdiction here. Section 1332(a) requires complete diversity among all adverse parties. Strawbridge v. Curtiss, 7 U.S. 267 (1806). Plaintiff asserts that diversity of citizenship exists because he is a Missouri citizen and Rotary International is an Illinois citizen. His assertion, however,

ignores the fact that the other defendants named in the proposed amendment are also citizens of Missouri, thus preventing complete diversity and jurisdiction under §1332(a). Additionally, 28 U.S.C. § 2201 provides for the procedural remedy of declaratory judgment, but does not itself provide a basis for federal jurisdiction. <u>Aetna Life Ins. Co. v. Haworth</u>, 300 U.S. 227 (1937). Finally, because the federal claims plaintiff seeks to assert in the proposed amendment would be dismissed, supplemental jurisdiction over plaintiff's state-law claims is not available under 28 U.S.C. § 1367.

\* \* \* \* \*

For the reasons discussed above,

**IT IS HEREBY ORDERED** that the defendant's motion to dismiss the complaint for lack of subject-matter jurisdiction [Doc. #3] is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file an amended complaint [Doc. #9] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of May, 2012.